AUSABLE HORSE-NAIL CO. *v.* NEW HAVEN HORSE-NAIL CO. and others.

SAME *v.* NEW HAVEN NAIL CO. and others.

(*Circuit Court, D. Connecticut.* August 22, 1887.)

1. PATENTS FOR INVENTION — MANUFACTURE OF HORSESHOE NAILS — RESTRICTION OF CLAIM — COMBINATIONS.

In an action for infringement of claim 1 of letters patent No. 139,332, granted the National Horse-Nail Company, as assignee of Robert Ross, May 27, 1873, for an improved machine for beveling and trimming horseshoe nails, consisting of a constantly revolving feed-screw, with a continuous and non-intermittent motion, *held* that, in view of the prior state of the art and the language of the specifications, the claim must be restricted to the particular elements of the combination therein, and that this claim was not infringed by a device for beveling and trimming horseshoe nails, which required an intermittent feed.

2. SAME.

In an action for infringement of claim 2 of letters patent No. 177,237, granted Nelson W. Goodrich, May 9, 1876, for an improved machine for beveling and trimming horseshoe nails, consisting of a horizontal and intermittent carrier ring, operating on a stationary ring, and provided with teeth projecting downward below its lower surface, serving to retain it in place, as well also for carrying and holding the nail blanks to the dies, *held* that, in view of the prior state of the art, and the language of the specifications, the

claim must be restricted to the particular elements of the combination therein, and that this claim was not infringed by a device for beveling and trimming horseshoe nails, which consisted of a horizontal, intermittent carrier ring, without such projecting teeth.

In Equity.

This is an action for alleged infringements of letters patent No. 139,-332, granted to the National Horse-Nail Company, as assignee of Robert Ross, May 27, 1873, and No. 177,237, granted to Nelson W. Goodrich, May 9, 1876, for an improved machine for beveling and trimming horseshoe nails. Complainants charged that the alleged inventions in these two patents were capable of conjoint use in one machine, and that the defendants had so used them, and prayed for an injunction and an accounting.

The Ross patent described a machine for beveling and trimming the points of horseshoe nails, and contained eight claims of novelty; but, under the complainant's proof, the infringement was restricted to the first claim, which was for a combination of a constantly revolving feed-screw, and a bar parallel to it, and point beveling dies, so arranged that, while the operation of the dies was intermittent, their movement was so timed as to operate on the nail blanks without practically stopping them in their passage through the machine.

The Goodrich patent also described an improved machine for beveling and trimming horseshoe nails, containing three claims; but by complainant's proof the infringement was restricted to the second claim, which was for a carrier consisting of a horizontal and intermittent carrier ring, resting on a stationary ring, and provided with teeth projecting downward below its lower surface, serving to retain it in its place on the stationary ring, and also adapted for carrying and holding the nails to the dies. The defendants' machine consisted also of an intermittent carrier ring, operating in a horizontal plane, but was not provided with the downward projecting teeth, and the beveling machine or dies operated while the nail blanks were held at rest. The defendants, in their answer and proofs, claimed that, in view of the prior state of the art, and the language of the specifications, each of the claims in this controversy is restricted to the particular elements of the combination therein recited, and deny that they employ these particular elements.

*Gifford & Brown,* for complainants.

*Mr. Mitchell* and *E. H. Rogers,* for defendants.

BLATCHFORD, Justice. Only claim 1 of the Ross patent, No. 139,332, is alleged to have been infringed, and only claim 2 of the Goodrich patent, No. 177,237, is alleged to have been infringed. In view of the state of the art, and of the language of the specification of the Ross patent, claim 1 of that patent must be restricted to the particular elements of the combination therein recited. The constantly revolving feed-screw of the Ross patent, with its continuous and non-intermittent motion, cannot be used in combination with the devices of the defendants' machine, which require an intermittent feed, and perform their operations while the nail

blanks are at rest. In view of the state of the art, and of the language of the specification of the Goodrich patent, claim 2 of that patent must be restricted to the particular elements of the construction therein recited. The "carrier" of claim 2 is the ring of claim 1, which rotates, and is provided with the downwardly projecting teeth. The defendants' ring has no such teeth.

Each of the two bills is dismissed, with costs.